**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **FREDERICK HEERDE**<br>120 Kingsbury Road<br>New Rochelle, NY 10804<br><br>*Plaintiff,*<br><br>*v.*<br><br>**UNITED STATES OF AMERICA**<br><br><u>Serve</u>: Todd Blanche<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>And<br><br><u>Serve</u>: Jeanine Ferris Pirro<br>U.S. Attorney for the District of Columbia<br>601 D Street, NW<br>Washington, D.C. 20530<br><br>AND<br><br>**THE DISTRICT OF COLUMBIA**<br><br><u>Serve</u>: Brian L. Schwalb, Attorney General<br>c/o Darlene Fields, Gale Rivers,<br>Tonia Robinson, Regina Brown, or<br>Marjorie Thomas<br>Office of the Attorney General for the<br>District of Columbia<br>400 6th Street, N.W.<br>Washington, D.C. 20001<br><br>And<br><br><u>Serve</u>: Mayor Muriel Bowser<br>c/o Brian L. Schwalb, Darlene Fields,<br>Gale Rivers, Tonia Robinson | * * * * * * * * * * * * * * * * * * * * | Case No.: 26-3031 |

Regina Brown, or Marjorie Thomas *
Office of the Attorney General for the
District of Columbia *
441 4th Street, N.W.
6th Floor South *
Washington, D.C. 20001
*

*Defendants*. *

* * * * * * * * * * * *

**COMPLAINT**

COMES NOW, Plaintiff Frederick Heerde, by and through his undersigned attorneys, and states for his cause of action as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. At all times relevant to this complaint, Plaintiff is and has been an adult resident of the State of New York.

2. At all times relevant to this Complaint, Defendant United States of America is and has been the owner and/or occupier of the sidewalk on the north side of Pennsylvania Avenue, N.W., between 4th Street, N.W., and 6th Street, N.W., including the sidewalk at or near 403 and 501 Pennsylvania Avenue, N.W., which is the subject location of Plaintiff's injury in this case, as set forth below.

3. At all times relevant to this Complaint, the Defendant District of Columbia is and has been the owner and/or occupier of the sidewalk on the north side of Pennsylvania Avenue, N.W., between 4th Street, N.W., and 6th Street, N.W., including the sidewalk at or near 403 and 501 Pennsylvania Avenue, N.W., which is the subject location of Plaintiff's injury in this case, as set forth below.

4. On or about April 2, 2026, within two years of the date of the incident giving rise to this claim, Plaintiff filed with Defendant United States of America a Claim for Injury Standard Form 95, specifically alleging and claiming the facts contained herein.

5. The Standard Form was received and acknowledged by Defendant United States of America on May 7, 2026.

6. Defendant United States of America responded to the Standard Form on or about May 29, 2026, denying the claim.

7. This action is being filed less than six months after the Defendant issued its written denial of the Plaintiff's claim, therefore constituting timely filing of the lawsuit under 28 U.S.C. § 2401(b).

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2674, the Federal Tort Claims Act and 28 U.S.C. § 1346(b)(1).

9. Venue before this Court is proper under 28 U.S.C. § 1402(b) as this case arises out of an incident that occurred in the District of Columbia.

10. This Court has jurisdiction over Defendant District of Columbia under 28 U.S.C. § 1367(a), given that the claim against the Defendant United States of America must be brought in this Court pursuant to the Federal Tort Claims Act.

11. The Plaintiff has satisfied the requirement to provide the District of Columbia with written notice of the potential claim within six months of the incident under D.C. Code § 12-309, inasmuch as the Plaintiff issued a notice letter to the District of Columbia on June 13, 2024, describing the approximate date, location, and circumstances of the incident.

**FACTS AND ALLEGATIONS OF LIABILITY AND DAMAGES**

12. On or about May 1, 2024, at approximately 3 p.m., Plaintiff was lawfully and properly present at or about 403 Pennsylvania Avenue, N.W. in Washington, District of Columbia ("premises" or "subject premises"), where he was walking westbound on the sidewalk along the north side of Pennsylvania Avenue, N.W.

13. As Plaintiff continued walking westbound on the sidewalk, with all due regard for his own safety, his foot became caught in the center opening of an exposed and improperly maintained tree grate located on the sidewalk at or about 403 Pennsylvania Avenue, N.W., causing Plaintiff to lose his balance and fall on his right side. The above-mentioned tree grate is marked with a red circle in the "Google Street View" photo below:








14. This open and exposed center of the tree grate constituted a dangerous and defective condition on the sidewalk.

15. According to historical "Google Street View" images that are publicly available on the Internet, this particular tree grate opening has been exposed and has presented a hazard to pedestrians since at least September of 2021, as shown below:




16. In addition to the existence of an open tree grate that posed a fall hazard for pedestrians, the opening in the center of the tree grate itself was broken as of September of 2021, creating a condition where the metal protruded upwards at least 2-3 inches, such that the broken metal on the center of the tree grate created an unexpected trip hazard for pedestrians walking on the sidewalk.

17. By virtue of the incident's location in a heavily traveled pedestrian area, and the fact that this sidewalk hazard existed for at least three years prior to the Plaintiff's injury, Defendant United States of America and/or Defendant District of Columbia knew or should have known about the dangerous and defective sidewalk condition, which had existed for a substantial period of time prior to Plaintiff's fall such that one or more of the Defendants had actual or constructive notice of the condition.

18. At all times relevant herein, Defendant United States of America and/or

Defendant District of Columbia, by and through their agents and/or employees, owed a duty to Plaintiff to exercise reasonable care and diligence to inspect, maintain, and repair the area where the incident occurred so as to reasonably prevent pedestrian fall hazards on their property, such as the one indicated above which caused Plaintiff to fall. This included the duty to take all reasonable steps to inspect, discover, notice, remedy and/or warn against the presence of a dangerous condition in the sidewalk area, and to otherwise comply with the standard of care for the maintenance of safe walking surfaces.

19. One or more of the Defendants breached the duty of care described above inasmuch as the dangerous and defective condition in the sidewalk which caused Plaintiff's fall was either created by Defendant United States of America and/or Defendant District of Columbia by and through their agents and employees, and/or the said condition developed over a significant period of time prior to Plaintiff's fall, such that Defendant United States of America and/or Defendant District of Columbia had actual and/or constructive notice of the dangerous condition prior to Plaintiff's fall and one or more of the Defendants failed to take reasonable steps to remedy and/or repair the area. To the extent that a repair of the area was not feasible, one or more of the Defendants breached their duty of care by failing to place appropriate warnings to pedestrians about the hazard at the location of Mr. Heerde's fall.

20. Despite having actual and/or constructive notice of the dangerous condition, one or more of the Defendants, by and through their agents and employees, failed to discover, correct, remedy, repair, warn against and/or properly address the said condition in any manner prior to Plaintiff's fall.

21. The actions and/or inactions of Defendant United States of America and/or Defendant District of Columbia, by and through their agents and employees, as indicated above,

violated the aforementioned duties of care, constituting negligence which was the direct and proximate cause of Plaintiff's aforementioned fall.

22. To the extent that any of the actions and/or inactions of the Defendant United States of America and/or Defendant District of Columbia violated statutes and/or regulations pertaining to the maintenance of safe walking surfaces, then one or more of the Defendants were negligent *per se*.

23. At all times relevant hereto, Plaintiff acted with reasonable care and assumed no risk.

24. As a direct and proximate result of the negligence of Defendant United States of America and/or the Defendant District of Columbia, as indicated above, Plaintiff suffered severe injuries, related damages and expenses, including, but not limited to, the fracture of his right patella, requiring surgery and the surgical insertion of hardware into his knee, severe pain, postoperative scarring, mental anguish, emotional distress, disability, impaired mobility, extreme inconvenience, lost time from daily activities, the need for future treatment and lasting pain and other damages, all of which have been present to some degree since the happening of the incident, and all of which may be to some degree continuing into the future and/or permanent. On account of the injuries described above, Plaintiff has already incurred approximately $140,000.00 in medical and surgical expenses. Plaintiff further anticipates that he will incur additional medical bills and other economic losses in the future, including, but not limited to, the loss of his ability to contribute to household services.

WHEREFORE, Plaintiff demands judgment against Defendant United States of America and Defendant District of Columbia, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00), plus interest and costs, and such other relief as the Court finds just and proper.

Respectfully Submitted,

/s/ Daniel S. Singer
Kenneth M. Trombly, #199547
Daniel S. Singer, #1011357
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
kmt@tromblylaw.com
dsinger@tromblylaw.com
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff seeks a trial by jury on all issues.

/s/ Daniel S. Singer
Daniel S. Singer